HUGH N. CAMP, PLAINTIFF, *v.* CHARLES CRONKRIGHT
AND OTHERS, DEFENDANTS.

*Will — devise over — when subject to be defeated by the death of the remainderman
before that of the life tenant.*

The will of a testator provided: " Fifteenthly. I give and devise unto my beloved
wife, Isabella S. Connolly, all the lands and grounds now occupied by me at
Fort Washington.  To have and to hold the same, with the tenements, heredita-
ments and appurtenances, to her during the term of her natural life, and upon
her death then I give and devise the same unto my children, share and share
alike, absolutely and forever, the child or children of any deceased child of mine
to take the share which his, her or their parent would have taken if living."
*Held*, that it was the testator's intention to devise to each of the children (five in
number) an undivided fifth interest in fee in the premises, subject to be
divested by the death of the child in the lifetime of the mother; and that until
her death it could not be determined in whom the fee would finally vest.

A CONTROVERSY submitted without action upon an agreed state-
ment of facts.

*S. P. Nash* and *G. F. Demarest*, for the plaintiff.

*Charles A. Flammer, William Stone* and *P. F. Olwell*, for the
defendants.

VAN BRUNT, P. J. :

Charles M. Connolly died seized of certain premises, leaving him
surviving Isabella S. Connolly, his widow, and the following children,
his only heirs-at-law : James A. Connolly, Washington A. Connolly,
Thomas B. Connolly, Charles M. Connolly, Jr., and Jane. V. Chalfin,
all of full age.  He left a will, bearing date the 28th of June, 1865,
which was probated before the surrogate of the county of New
York on the 2d of June, 1869, by which he devised the premises in
question as follows :

" *Fifteenthly.* I give and devise unto my beloved wife, Isabella
S. Connolly, all the lands and grounds now occupied by me at Fort
Washington.  To have and to hold the same, with the tenements,
hereditaments and appurtenances, to her during the term of her
natural life, and upon her death then I give and devise the same
unto my children, share and share alike, absolutely and forever, the

child or children of any deceased child of mine to take the share which his, her or their parent would have taken if living."

By deed, dated December 18, 1873, and duly recorded January 5, 1874, Washington A. Connolly, one of the children and heirs-at-law of Charles M. Connolly, deceased, and Louise I. Connolly, his wife, purported to convey to Thomas C. E. Ecclesine an undivided one-fifth interest in the premises in question in fee. Through various mesne conveyances the estate conveyed by said deed afterwards became vested in the defendant Charles Cronkright. Washington A. Connolly died in August, 1875, leaving him surviving his widow, Louise I. Connolly, and three children, Marie Louise Connolly, Washington A. Connolly and Bianca Connolly.

In December, 1880, Isabella S. Connolly, the widow of said Charles M. Connolly, the testator, died. In December, 1885, the defendant Cronkright, claiming to be seized in fee of said one-fifth interest in said premises, commenced an action in the Supreme Court against Thomas B. Connolly for the partition of the premises in question. The children of Washington A. Connolly, deceased, were not made parties.

Such proceedings were had in said action that judgment was pronounced in favor of the plaintiff for partition and directing the premises to be sold by a referee. The referee sold the premises to the defendant Cronkright and Philip Olwell, and conveyed the same to them by deed dated the 25th of January, 1888. Philip Olwell died in March, 1889, leaving a will by which he apppointed Philip L. Olwell executor thereof, with a valid power of sale over his real estate, including the premises in question.

The questions submitted to the court upon this case are as follows:

1. Did the will of Charles M. Connolly vest in his son Washington A. Connolly an undivided fifth interest in fee in the premises in question, subject to be divested by the death of said Washington A. Connolly in the lifetime of his mother, Isabella S. Connolly?

2. Did the deed by Washington A. Connolly and wife to Thomas C. E. Ecclesine, dated December 18, 1875, vest any title in the grantee other than an estate in remainder (subject to the life estate of Isabella S. Connolly) and subject to be divested by the death of said Washington A. Connolly before his mother, Isabella S. Connolly?

3. Upon the death of said Washington A. Connolly before his mother, did the title to an undivided one-fifth interest in the premises in question become vested in Marie Louise Connolly, Washington A. Connolly and Bianca Connolly, only children and heirs-at-law of Washington A. Connolly, deceased, as devisees under the will of Charles M. Connolly, deceased, subject to the life estate of Isabella S. Connolly, widow of said Charles M. Connolly?

The question presented is not free from difficulty, but we think it was the plain intention of the testator to devise to his son, Washington A. Connolly, an undivided fifth interest in fee in the premises in question, subject to be divested by his death in the lifetime of his mother, the life tenant.

A large number of authorities have been cited upon both sides of this question, which do not seem to be entirely harmonious. But as in the construction of every testamentary instrument the will of the testator must be adopted, it necessarily follows, that it is seldom that any adjudication can be found which is exactly parallel in its facts to the case being considered. So we find in many of the cases cited by the defendant that there are no limitations over in case of death, as is the case in *Byrnes* .v *Stilwell* (103 N. Y., 458), where it was held that under a devise to A for' life and from and immediately after the death of A, a devise unto the lawful child or children of A, his or her heirs forever, each child named took an absolute fee, subject to be diminished by the birth of other children, as tenants in common. And in the case of *Vanderzee* v. *Slingerland* (103 N. Y., 47) it was held that where there is a devise or bequest to one person, and in case of his death to another, the words referred to a death in the lifetime of the testator.

But in the case at bar there is a devise over in case of death; and that this devise over depends upon a death occurring during the lifetime of the life tenant is apparent from the language of the will.

The life tenant is to hold the premises during the term of her natural life, and upon her death then the testator devises the same unto his children, share and share alike, absolutely, the child or children of any deceased child to take the share which his, her or their parent would have taken. Now, it is apparent that the testator referred to the period of the death of the life tenant in providing that, in case of the decease of one of his children, the child or chil-

dren of such deceased child should take the share which his, her or their parent would have taken if living. And the rule that, in ordinary cases where death is referred to, it means death during the life of the testator cannot apply, because it seems to have been the intention of the testator to have this limitation extend down to the period of the death of the life tenant. His words are : "*Upon her death,*then I give and devise the same unto my children, share and share alike, absolutely and forever, the child or children of any deceased child of mine to take the share which his, her or their parent would have taken if living." It is the same as though the testator had said : And upon her death I give and devise the same to my children then living, share and share alike absolutely and forever, and to the child or children of any child of mine who may then be dead, such child or children to take the share his, her or their parent would have taken if living.

This was the intention of the testator, and he has expressed it in language reasonably clear, and which should not be perverted from its plain meaning in order to give effect to the rule in reference to the vesting of estates.

Under these circumstances it could not be determined, until the death of the life tenant, as to who should finally become vested with the fee of the premises in question.

It follows from what has been said that the *first* question should be answered in the affirmative, the *second* in the negative and the *third* in the affirmative ; and that the plaintiff is entitled to judgment.

BRADY and DANIELS, JJ., concurred.

Judgment for plaintiff.