(28 App. Div. 319.)

### FLANAGAN v. STAPLES et al.

(Supreme Court, Appellate Division, First Department.   April 15, 1898.)

WILLS—DEVISE—NATURE OF ESTATE.
    A testator's will provided that:  "Upon the death of my wife, I give, bequeath, and devise all my said estate and property unto my children, in equal shares or portions, share and share alike, absolutely and forever.   In the event of the death of any of my children, leaving issue,  *  *  *  such issue shall take the share or portion  *  *  *  which the parent would have taken if living."   *Held*, that each child of the testator took a vested remainder, subject to being devested, in case of his death before the decease of the widow, in favor of his surviving issue.

Appeal from special term.
Action by William C. Flanagan against Deborah Staples and others to construe a will.   From the decree, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles A. Runk, for appellants.
M. S. Thompson, for respondent.

McLAUGHLIN, J.   Joseph Staples died in 1888, leaving, him surviving, his widow, Deborah, and four children,—two sons, Joseph and Julius T., and two daughters, Josephine A. Elser and Emma M. Flanagan.   He left a will and a codicil thereto, which shortly after his death were admitted to probate, and letters testamentary thereon issued to the plaintiff, one of the executors therein named.   The subject-matter of this controversy relates to the construction to be given to a portion of the fourth clause, and which was not changed or modified by the codicil.   So much of this clause of the will as is material to the question presented reads as follows:

"Upon the death of my said wife, I give, bequeath, and devise all my said estate and property unto my children, in equal shares or portions, share and share alike, absolutely and forever.   In the event of the death of any of my children, leaving issue him or her surviving, such issue shall take the share or portion of my said estate and property which the parent would have taken if living."

The son Joseph died in 1892, leaving, him surviving, four infant children.   He also left a will, in and by which he gave to his sister Mrs. Elser and to his brother, Julius, the share or portion of his father's estate which he was entitled to take and receive under his father's will.   The widow, Deborah, died in 1896.   The sole question presented for our determination is whether the interest which Joseph would have taken in his father's estate, had he been living at the time of Deborah's death, now belongs to the four infant children under the will of their grandfather, or whether that interest passed under the will of the son Joseph, and now belongs to his brother, Julius, and his sister Mrs. Elser.   The answer to this question depends entirely upon whether this interest so far vested in Joseph that he could effectually dispose of it by will, and this must be ascertained, if it can be, by what the testator intended in that respect.   Turning then to the will, it will be found that the intent of the testator is perfectly clear on that

subject, and expressed in such a way that it cannot be misunderstood. The testator desired that his widow, Deborah, should have the use of his property during her life, and at her death whatever remained should be equally divided among his four children, and if any of them should, prior to that time, die, leaving issue, such issue was to be substituted in the place of the parent. The words selected to express this desire are:

"Upon the death of my said wife I give * * * all my said estate and property unto my children, in equal shares. * * * In the event of the death of any of my children, leaving issue, * * * such issue shall take the share or portion * * * which the parent would have taken if living."

The son Joseph immediately upon the death of his father took a vested remainder in his father's estate, the enjoyment of which, however, was postponed until the death of the life tenant, and depended upon his surviving her; in other words, he took an estate which immediately upon the death of the testator vested, but which, by express provisions of the will, was subject to be devested by the happening of a specified contingency, which was his death before the death of the life tenant. The contingency thus provided for occurred. The son Joseph died before the widow, Deborah. He left issue, him surviving; and such issue, immediately upon the death of the widow, Deborah, was substituted in, and took the place of, Joseph, under the will of the testator. Camp v. Cronkright, 59 Hun, 488, 13 N. Y. Supp. 307. The trial court therefore was right in holding that the interest which he would have taken in his father's estate, had he survived his mother, Deborah, is now lodged in, and belongs to, his four infant children.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ., concur.

PATTERSON, J. I concur in the conclusion that this judgment should be affirmed. The appeal involves the interpretation of the fourth clause, as amended by a codicil, of the will of Joseph Staples, Sr.; and the point in dispute is whether his son Joseph Staples, Jr., took such an interest in a share of the residuary estate passing under the father's will as enabled him to dispose of that share absolutely by his own will and testament. The general scheme of the father's will, omitting reference to gifts of specific legacies, is a trust of the residuary estate in executors, to pay income to the testator's widow during her life, with a power to resort to the principal, in case of need, for her support, and upon her death the whole residue to go to the testator's children, in equal shares, "absolutely and forever." The provision is then made, "In the event of the death of any of my children, leaving issue him or her surviving, such issue shall take the share or portion of my said estate and property which the parent would have taken if living." The codicil will be considered hereafter. It is quite apparent that under the terms of this will the children of the testator took vested remainders. They were all living when he died, and, upon the determination of the particular estate limited on the life of the widow, would have been entitled to possession. There was nothing

contingent in their right. They had the present capacity to take; for, when the will became operative, neither the persons upon whom, nor the event upon which, the remainders were to fall into possession, was left uncertain. The interposition of a trust term did not affect the vesting in interest. In re Tompkins' Estate (Verplank v. Tompkins, N. Y. App. Jan. 11, 1898) 49 N. E. 135. But, although a remainder may be vested in interest, it may also be devested by the happening of some event contemplated and provided for by the testator, and a substituted gift of the remainder take effect in its place. The ordinary illustration of such a case is where the remainder is given to one in fee, but, in the event of his death without issue, then over to a different person. Here the gift is of a share to the son, subject to passing over to that son's issue in the event of such son dying. When? During the lifetime of his father, or during the continuance of the particular estate? If the former, then the remainder vested absolutely and indefeasibly, and passed under the will of the son. If the latter, the children of the son took, by substitution, and as purchasers, under the will of their grandfather. In the recent case of Becker v. Becker, 22 App. Div. 234, 47 N. Y. Supp. 866, Mr. Justice Herrick has collated and commented upon the leading decisions of the court of appeals relating to limitations, by will, of estates, upon a death either before or after that of a testator, and it is unnecessary to go over that subject again. The determinant consideration is, what was the intention of the testator? In this case the learned justice at special term held that the words, "the death of any of my children," as used by the testator, referred to death during the lifetime of the widow, and that interpretation was authorized. The testator fixed a time or period to which the death of any of his children was referable. The words, as used, must be read in connection with the codicil, as well as with the original fourth clause. In that codicil there is a specific legacy given to a daughter, payable, after the death of the widow, out of the estate then in the hands of the trustees; and it is provided:

"Upon the death of my wife, I give and bequeath [the specific legacy]. All the rest, residue, and remainder of my estate and property I give, bequeath, and devise unto all my children [including the daughter], to be divided share and share alike," etc.

And in all other respects his will, including the substituted gifts, is ratified and confirmed. Reading the fourth clause as thus modified, and still retaining the provision as to his children dying, it appears that he intended to refer to the death of his children during his wife's life, and not his own. The direction to divide mentioned in the codicil did not postpone the vesting in interest. Manice v. Manice, 43 N. Y. 303. But the remainder in Joseph Staples, Jr., was devested by his death during the lifetime of his mother, as in Camp v. Cronkright, 59 Hun, 488, 13 N. Y. Supp. 307. I therefore concur in the affirmance of the judgment.