(33 Misc. Rep. 306.)

## LESE v. MILLER et al.

(Supreme Court, Special Term, New York County. December, 1900.)

WILLS—CONSTRUCTION—TRUST—CONTINGENT ESTATE.

Where a will left property to executors in trust to pay the income to testator's widow during her life, and after her death to his children in equal shares, and, if any child had died, then to its issue, but the children were not named in the will, the interest they or their issue took was not vested, but was contingent on surviving the widow.

Action by Louis Lese against Orlando H. Miller and others. Complaint dismissed.

Samuel Levy, for plaintiff.
Stanton & Hopkins, for defendants.

LAWRENCE, J. This action is brought to recover a deposit made by the plaintiff with the defendants upon the execution of a contract for the sale by the defendants to the plaintiff of the premises No. 117 Lewis street, in the city of New York, together with counsel fee and disbursements incurred by the plaintiff upon the examination of title to said premises, upon the ground that the title to the same tendered by the defendants to the plaintiff was defective and unmarketable. Upon the trial all the material facts were admitted by a stipulation between the parties, from which stipulation the following facts appear: William H. Miller died on the 23d day of March, 1870, seised of the premises in question, and leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York. He left, him surviving, his widow, Mary Ann Miller, and four children, Orlando A. Miller, Mary A. Bailey, Caroline A. Mandeville (afterwards Caroline A. Adams), Harriet Van Riper, and a stepson, William H. White, also known as William H. Miller. Harriet Van Riper died intestate on January 3, 1874, leaving, her surviving, her husband,

Thomas Van Riper, and an infant son, also named Thomas Van Riper, who died intestate on the 4th day of April, 1875, leaving his father, Thomas Van Riper, who has since remarried. The stepson, William H. White, or William H. Miller, died intestate on the 23d of December, 1896, leaving, him surviving, two children, Mary E. Maurer and William H. Miller. The widow above named, Mary Ann Miller, died February 3, 1899. The point in dispute between the plaintiff and the defendants is the interest that Harriet Van Riper or her issue took under the will of William H. Miller; the plaintiff claiming that she took a vested remainder, which descended to her infant son, and through him at his death to his father, Thomas Van Riper; and the defendants, that whatever interest she or her issue took under the will of her said father was contingent, or was devested and ceased absolutely upon the death of herself and her infant son. In his will, William H. Miller devises his residuary estate, real and personal, including the premises in question, as follows:

"III. All the rest, residue, and remainder of my estate, real, personal, and mixed, of whatsoever kind or description, and wheresoever situated, I give, devise, and bequeath unto my executrix and executor hereinafter named, or the survivors of them, in trust: (1) To collect, get in, and receive that part of said estate as may consist of money, stocks, bonds, or similar securities, and to convert all the said securities into money. (2) To invest and reinvest the same in their joint names as such executrix and executor in good and substantial securities, consisting of United States bonds, or bonds and mortgages on improved real estate in the cities of New York and Brooklyn worth at least double the amount of said bonds and mortgages. (3) To collect and receive the rents, issues, and profits of the same, and of such real estate as I may be possessed of at my death. (4) To pay over the same, after deducting the necessary expenses for collection, to my beloved wife, Mary Ann Miller, during the time of her natural life. (5) After the decease of my said wife, then to convey, assign, transfer, and set over all the rest, residue, and remainder of my estate, wheresoever situated, unto my children, including among said children my stepson, William H. White (being a son of my wife by a former marriage), in equal portions, share and share alike (the issue of any such children, should any have died before the death of my said wife, taking per stirpes the share that their deceased parent would have taken, if living), to have and to hold the same for their own proper benefit, use, and behoof forever. IV. I hereby nominate, constitute, and appoint my beloved wife, Mary Ann Miller, and my son Orlando A. Miller to be executrix and executor of this my last will and testament, and I hereby revoke and annul all former and other wills or codicils heretofore made by me."

On the above state of facts, I am of the opinion that the gift or devise to Harriet Van Riper or her issue was contingent upon her or such issue surviving the testator's wife, and that such survivorship at the time of the distribution was an essential condition to the vesting in her or her issue of any interest in the property of the testator. It is well settled that where a will is the subject of construction the intention of the testator, as disclosed by the will, not a general rule of construction, is to govern when they come in conflict. In re James, 146 N. Y. 78, 40 N. E. 876. In this case the testator, in his will, does not specify his children by name, or specify the number who are to share in the final distribution. It is quite clear that the persons who were to take the principal estate could only be determined upon the death of the wife. Until

such death the person or persons who are to take the future estate are uncertain, and therefore it seems to me that the defendants' counsel is right in his contention that the vesting of the estate was contingent upon the survivorship by the child, or her issue, of the testator's wife. See Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575; Id., 160 N. Y. 315, 54 N. E. 709. See, also, Camp v. Cronkright, 59 Hun, 488, 13 N. Y. Supp. 307; Flanagan v. Staples, 28 App. Div. 319, 51 N. Y. Supp. 10. If there is anything in the case of In re Crane, 36 App. Div. 468, 55 N. Y. Supp. 822, cited by the plaintiff, which is in conflict with the case of Clark v. Cammann, inasmuch as the affirmance of that case in the court of appeals occurred after In re Crane was decided, I must follow the later case, as containing the latest expression of the views of the court of appeals upon the subject. I am also of the opinion that it was clearly the intention of the testator that only his children and their issue should take any portion of his estate under his will. In Re James, 146 N. Y. 78–100, 40 N. E. 876, 880, before referred to, Mr. Justice Gray, in delivering the opinion of the court, says:

"But all the cases that I have seen recognize that the rule of intention must always override established rules of construction. It is only where the instrument fails to express or to disclose an intention that we must resort to the rules which have been established by the decisions of the courts."

I think it is irresistibly inferable from the will before me in this case that the testator did not intend to die intestate as to any of his property, nor that, if either of his children, or the issue of any child, should die before the period of distribution arrived, to wit, the death of the testator's widow, any portion of that estate should go to and be divided among strangers, which would be the result in case the claim of the father of the infant child of Harriet Van Riper, as the heir at law of such child, to an interest in the testator's property, is sustained. For these reasons, there must be judgment for the dismissal of the complaint upon the merits, with costs.

Complaint dismissed, with costs.