(73 App. Div. 412.)

### JACOBSON v. SMITH et al.

(Supreme Court, Appellate Division, First Department. June 13, 1902.)

1. MORTGAGES—PROPERTY SUBJECT TO—INTEREST OF BENEFICIARY IN WILL—AFTER-ACQUIRED PROPERTY

Testator devised real estate to his wife for life, with directions to his executors, on the death of the wife, to sell the property, and pay the proceeds to a daughter, or, if the latter were dead, to the children of such daughter. During the life of the life tenant the daughter and her children executed an instrument purporting to mortgage all their interest in the property. Held, that as the interest of the children in the testator's estate subject to the power of sale was a mere chose in action, the instrument could not, as against them, be construed as a mortgage which could be foreclosed before the death of the daughter, but only as an agreement to give a mortgage which could be enforced against the children only in equity on their acquisition of the property.

2. SAME—DECREE OF FORECLOSURE—VALIDITY—PARTIES IN DEFAULT.

An action on such mortgage was commenced before the death of the daughter, and foreclosure was prayed for, but no demand made for the enforcement of any equitable lien, on any interest that might accrue to the children. The children, though made parties, did not appear, and a decree was rendered foreclosing the mortgage as to all parties. Before the sale the daughter died, and without notice to the children the decree was amended, directing the sale of any interest of the children in the land, or in the real or personal estate of testator. Held, that under Code Civ. Proc. § 1207, providing that no greater relief shall be granted as against parties not appearing than is demanded in the complaint, the interest of the children in the estate was not affected by the decree.

3. SAME—FORECLOSURE SALE—MOTION TO VACATE—LACHES.

The interest of the children in such estate was sold January 3, 1896, the deed was delivered January 23d, and the children had notice of such fact. Held, that as the children were ignorant of their rights until the death of the life tenant, July 23, 1901, they were not precluded by laches from moving to vacate the sale February 17, 1902.

Appeal from special term, New York county.

Suit by Marie E. Jacobson against Elizabeth Smith and others to foreclose a mortgage. From an order denying motion to vacate sale under the decree, defendants appeal. Modified and affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James MacGregor Smith, for appellants.
O. J. Wells, for respondent.

INGRAHAM, J. It appears that under the will of William Moore, deceased, which was admitted to probate October 10, 1883, the testator's real and personal estate was devised and bequeathed to his widow, Margaret Moore, for life, and upon her death the executors were directed to sell and dispose thereof, and to divide the proceeds among the testator's children in equal shares and proportions. The will further provided that in the event of the death of either of his children before the death of his wife, bearing lawful issue, the executors were to divide the share of such child so dying among the children of such deceased child in equal shares and proportions. The defendant Elizabeth Smith was one of the children of the testator, and the appellants are her children. On the 2d day of December, 1889, Elizabeth Smith borrowed from the plaintiff the sum of $1,250, and arranged to give as security for such loan a mortgage upon her share in the real estate of William Moore, deceased. After this loan had been arranged the appellants were informed that the loan would not be made unless they would unite in the mortgage, as in the event of Elizabeth Smith dying before the life tenant the share would vest in them. They objected to joining in this mortgage, but upon going to the office of Mr. Wells, the attorney for the plaintiff in making the loan, they were induced to sign the mortgage. In November, 1894, this action to foreclose the mortgage was commenced, and the summons and complaint were served personally upon each of the defendants who failed to appear or answer, and judgment of foreclosure and sale was entered on the 1st of February, 1895. There was a sale under the judgment on January 6, 1896, when the plaintiff became the purchaser, and on the 23d day of January, 1896, the referee's deed was delivered. It further appeared that after the entry of judgment, but before the sale, Elizabeth Smith, one of the children of the testator, died during the life of the life tenant, the widow of the testator leaving, her surviving, the appellants. The mortgage sought to be enforced in this action is in form a conveyance by the three defendants of six separate parcels of land separately described, and also "all the undivided part or interest, present or prospective, of the defendants Elizabeth Smith, Carrie A. Fithian, George W. Smith, or either of them, as heirs at law, devisee, legatee, or otherwise, of, in, and to the real and personal estate, claims, demands, and choses in action, of whatsoever kind and wheresoever situate, whereof William Moore, late of the city of New York, died seised or possessed, or to which his estate is or may be entitled," with a provision that the grant is intended as a mortgage to secure the payment of $1,250 on the 1st day of January, 1895, with interest. When this mortgage was executed these appellants had no interest whatever in the property therein mortgaged. The will of William Moore gave to his wife his estate, real and personal, for her life. Upon her death his executors were given a power of sale, with directions to sell the estate, and divide the proceeds among his children equally. The remainder

in the property after the death of the life tenant vested absolutely in his children, subject to the execution of the power of sale given to the executors upon the death of the life tenant. Upon the execution of the power of sale, however, the interest of the children in the property would be a mere chose in action, they being entitled to receive a portion of the money realized by the executors upon the execution of this power of sale. During the lifetime of their mother these appellants had no title to the property, nor did they have any interest in the estate of their grandfather, and this was the condition when this mortgage was executed. The mortgage was ineffectual to create a lien upon the specific real estate, because the appellants had no interest therein. The instrument, however, transferred "all the undivided part or interest, present or prospective, of the parties of the first part * * * in and to the real and personal estate, claim, demands, or choses in action of whatsoever kind and wheresoever situate whereof William Moore, late of the city of New York, died seised or possessed, or to which his estate is or may be entitled."

The utmost that could be claimed for this is that it was an agreement to give a mortgage on or pledge of any interest or right that they might subsequently acquire in the estate of the testator, and that such an agreement could be enforced in equity. The rule is well settled that a mortgage upon subsequently acquired property is void at law, but such a mortgage would be construed as an agreement to give a lien which, as between the parties, takes effect and attaches to the subject of it as soon as it comes into the ownership of the mortgagor. In Kribbs v. Alford, 120 N. Y. 519, 24 N. E. 811, Judge Parker, writing the opinion of the court, says: "As between the mortgagor or his assignee and the mortgagee, therefore, the chattel mortgage operated to create a lien in equity as to the chattels purchased and placed upon the property by the mortgagor subsequent to its date." But the distinction between a mortgage of a chattel or chose in action and an equitable lien which would be created by an agreement to give a mortgage upon property subsequently acquired is illustrated by the opinion of Judge Gray in Distilling Co. v. Rasey, 142 N. Y. 570, 37 N. E. 632, 40 Am. St. Rep. 635. There Judge Gray says:

"The idea of a chattel mortgage is that of a conveyance of personal property to secure the debt of the mortgagor, which, being conditional at the time, becomes absolute if at a fixed time the property is not redeemed, and the statute makes it valid as against creditors of the mortgagor only when filed as directed. * * * Regarding the chattel mortgage in question as a mere executory agreement to give a lien when the property came into existence some further act was necessary in order to make it an actual and effectual lien as against creditors."

This mortgage, therefore, created no lien upon this property or interest in the estate which these appellants should subsequently acquire, and there was no property or interest of these appellants that the mortgagee could foreclose until the interest in the estate had become vested in the appellants by the death of their mother prior to the death of the life tenant.

The complaint in this action alleges the execution of the bond by the defendant Elizabeth Smith, the mother of these appellants, and who was entitled to the remainder in the property of the testator, and the execution as collateral security for the payment of the indebtedness therein evidenced by the defendants of a mortgage whereby had granted, bargained, and sold to the plaintiff certain specific real estate of which the testator had died seised, and also the interest in the estate of the said William Moore, as described in the mortgage; that each and all of the defendants have or claim to have some interest in, or lien upon, the said mortgaged premises, or part thereof, which interest or lien, if any, had accrued subsequent to the lien of the said mortgage, and is subject and subordinate thereto; and demands judgment that the defendants herein, and all persons claiming under them, or either of them, subsequent to the commencement of the action, may be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the said mortgaged premises; that the said premises may be decreed to be sold according to law; that the moneys arising from the sale may be brought into the court, and that the plaintiff may be paid the amount due on the said bond and mortgage, with interest to the time of such payment; and that the defendant Elizabeth Smith may be adjudged to pay any deficiency arising upon such sale. As at the time this action was commenced neither of these appellants had any right, title, or interest in the property of the testator, or any interest in his estate, any interest that they should subsequently acquire other than through their mother would not be affected by the foreclosure of this mortgage; and under the prayer for relief the plaintiff could obtain no greater relief than that demanded, viz., a sale of the interest of these defendants in this specific real property, or in the estate of the testator, when the action was commenced, and the application of the proceeds of the sale for the payment of the mortgage. All of the defendants being in default, a judgment was rendered in conformity with the prayer of the complaint. By that judgment a referee was appointed who was directed to sell the mortgaged premises described in the complaint, or such part thereof as was sufficient to discharge the mortgage debt, and which may be sold subsequently without material injury to the parties interested, and the property to be sold was this specific real estate described in the mortgage, and also the undivided part or interest, present or prospective, of the defendants Elizabeth Smith, Carrie A. Fithian, and George W. Smith, or either of them, as heirs at law, devisee, legatee, or otherwise, of, in, and to the real and personal estate, etc., whereof William Moore, late of the city of New York, died seised or possessed, or to which his estate is or may be entitled. After the entry of this judgment the defendant Elizabeth Smith, the mother of these appellants, died, and thereupon there accrued to these appellants under the will of William Moore a right to the distributive share realized upon the sale of the real and personal estate of the testator.

I do not think that a sale under this judgment, entered before these appellants became entitled to any portion of this property, would devest them of the right or interest in the estate of the testator which had vested in them subsequent to the commencement of the action and the

entry of judgment.　After the death of Elizabeth Smith, and on the 26th day of November, 1895, the plaintiff obtained from the court an ex parte order amending the judgment by striking therefrom the direction to sell the premises in separate parcels, and directing the referee to sell only all the undivided part or interest, present or prospective, of the estate of the late Elizabeth Smith, formerly a defendant in this action, and of the defendants Carrie A. Fithian and George W. Smith, or either of them, as heirs at law, devisee, legatee, or otherwise, of, in, and to the real and personal estate, claim, demands, or choses in action, of whatsoever kind and wheresoever situate, whereof William Moore, late of the city of New York, died seised or possessed, or to which his estate is or may be entitled, and that the same be sold as one parcel, and subject to tax, if any.　Under this judgment, as amended by this order, the referee sold the appellants' interest in the estate of William Moore, and conveyed it to the plaintiff; but I do not think that this conveyance by the referee conveyed to the plaintiff the interest in the estate of the testator which the appellants had acquired after the commencement of the action.　Assuming that the instrument was sufficient to create an agreement for a lien which would be protected in equity, and which would become effectual upon the vesting of the interest in the appellants, when the action was commenced they had no such interest, and nothing, therefore, to protect by an appearance or defense of the action.　They being in default, the plaintiff could obtain by the judgment no greater relief than that demanded in the complaint (Code Civ. Proc. § 1207), and the complaint did not demand the enforcement of any equitable lien upon an interest in the estate which would accrue to the appellants after the commencement of the action.　The interest of these appellants in this estate was merely a chose in action, and, while a chose in action may be mortgaged or assigned like any other species of property, a mortgage can create a specific lien only upon property that the mortgagor had at the time of the execution of the mortgage, and it seems to me that, to enforce a lien upon the interest of these appellants in the estate of the testator, an action must be commenced against them for that purpose after their interest in the property had been acquired.

If we are right in this conclusion, it would seem to follow that by the amendment of this judgment, without notice to the defendants, and which granted somewhat different and other relief than that demanded in the complaint, these appellants would have been entitled to have this sale set aside, unless they are concluded by their laches.　The sale took place on the 3d of January, 1896, and the deed seems to have been delivered on the 23d day of January, 1896, and of this these appellants had due and timely notice.　The life tenant, however, did not die until July 23, 1901, and it would appear that during this period these appellants were ignorant of their rights, and as their estate was then merely a remainder, with no immediate right to possession, no steps were taken.　While the delay has been very great, and it would not be legal error to refuse this relief on that account, we think the substantial interests of all these parties will be much better conserved by directing that this sale be set aside, upon payments by the appel-

lants of the amount found due by the judgment and the costs of that action, including the referee's fees and disbursements of sale, with interest therein.

The order appealed from should therefore be modified by directing that upon payment by the appellants within 30 days after the entry of the order of the amount found due by the judgment, including the plaintiff's costs and disbursements and the referee's fees and disbursements, the motion to set aside the sale be granted, and the referee's deed canceled. If this money is not paid within the time limited, then the motion to set aside the sale is denied; and as so modified the order should be affirmed, without costs to either party on this appeal. All concur; PATTERSON, J., in result.