HENRY WEYMANN and JOHN WEYMANN, Plaintiffs, *v.* MARY E. WEYMANN and Others, Defendants, Impleaded with GEORGE WILLIAM WEYMANN, Appellant, and FRED WILLIAM STOPENHAGEN, Respondent.

*Will — estate in remainder — when vested, subject to be divested, in case of the death of the remaindermen before the death of the life beneficiary — a mortgage given by a child so dying is not enforcible.*

A decedent, who was survived by a widow and five children, left a will which provided as follows:

"*Fourth.* All the rest, residue and remainder of my estate, both real and personal, I give, bequeath and devise unto my executrix and executor hereinafter named, or such of them as may qualify, or to the survivor of them in trust, to hold and invest, rent and improve the same, as to them may seem proper, and to the best advantage, and to pay over to my said wife all the rents, issues and profits thereof during the term of her natural life, if she shall so long remain my widow."

"*Ninth.* From and immediately after my said wife's decease I give, bequeath and devise all of my said estate to my children or their descendants, to be divided equally between them, share and share alike, the descendants of any deceased child or children taking the share such deceased child or children would have taken if living, this provision being made subject, nevertheless, to the last preceding sections of this my last will and testament."

The will further provided that no part of the real estate should be sold during the lifetime of the decedent's widow.

*Held,* upon a consideration of the entire will, that the remainder in the residuary estate vested in interest in the testator's children immediately upon the death of the testator, but that the interest so vested in each of the testator's children was subject to be divested by his or her death prior to that of the widow;

That, in such event, the descendants of the deceased child would take by substitution the interest which his parent would have taken if living at the time of the death of the testator's widow;

That, consequently, a mortgage executed by one of the testator's children, who died prior to the death of the widow, upon his interest in the testator's estate, was not a lien upon the interest which passed to the mortgagor's descendants.

APPEAL by the defendant, George William Weymann, from so much of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 31st day of December, 1902, upon the report of a referee, directing a sale in partition, as decrees that the defendant Fred William Stopenhagen has a lien upon the share of the appellant in the premises sought to be partitioned.

*Joseph M. Davis,* for the appellant.

*Victor E. Whitlock,* for the respondent.

LAUGHLIN, J:

This is an action to partition lands owned and devised by Henry Weymann, who died on the 3d day of August, 1894, leaving a last will and testament disposing of all his property, which has been duly admitted to probate.

In the 1st subdivision of his will the testator directed the payment of his debts and funeral expenses, and in subdivision 2 he gave his household furniture and certain other personal property to his wife. In subdivision 3 he bequeathed to his executors the sum of $10,000, to be taken out of his personal estate if sufficient, to be held in trust and invested as an " available fund " to pay each of his three sons $2,000 upon each respectively becoming of age and the sum of $2,000 to each of his two daughters upon their respectively becoming married or reaching the age of thirty years unmarried. In subdivision 6 he directed the payment of the income of this trust fund of $10,000, or such part thereof as remained in the hands of his executors, to his wife; and in subdivision 7 he directed that should either of his sons or daughters die before receiving the $2,000 devised to such son or daughter under the 3d subdivision of the will, said sum should " revert to and be considered as part of my residuary estate." In subdivision 8 it was provided in substance that in the event of the death of his wife before his sons and daughters received the sums given in trust under the 3d clause of the will, to the income of which the wife was entitled during life, that the investment of

the principal should thereafter be for the benefit of the son or daughter entitled thereto. The rest and remainder of his property was devised by the 4th and 9th subdivisions of the will, which are as follows:

"*Fourth.* All the rest, residue and remainder of my estate, both real and personal, I give, bequeath and devise unto my executrix and executor hereinafter named, or such of them as may qualify, or to the survivor of them in trust, to hold and invest, rent and improve the same, as to them may seem proper, and to the best advantage, and to pay over to my said wife all the rents, issues and profits thereof during the term of her natural life, if she shall so long remain my widow."

"*Ninth.* From and immediately after my said wife's decease, I give, bequeath and devise all of my said estate to my children or their descendants, to be divided equally between them, share and share alike, the descendants of any deceased child or children taking the share such deceased child or children would have taken if living, this provision being made subject, nevertheless, to the last preceding sections of this my last will and testament."

By the 10th subdivision of the will the testator authorized his executors in their discretion to sell the whole or any part of his personal estate, not otherwise disposed of in the will; and the 12th clause authorized them to invest the proceeds of such sale in certain specified securities and to apply the income to the purposes thereinbefore provided for in the will. In subdivision 11 it was provided that no part of the real estate should be sold during the lifetime of the testator's widow nor until his youngest child should become of age; but after such time his executors were authorized in their discretion to sell the real estate. The testator's widow and five children survived him. One of his sons, George William Weymann, the father of the appellant, executed a mortgage upon his interest in the estate to Fred William Stopenhagen as security for an indebtedness of $1,200 with interest thereon at the rate of six percentum from the 11th day of February, 1896, and subsequently died before the death of the testator's widow, leaving the appellant his sole heir.

The interlocutory judgment adjudges that this indebtedness is a lien upon the interest of the appellant, and the only question pre-

sented on the appeal is whether that part of the decision is correct. The appellant contends that he takes one-fifth of the remainder of the estate of his grandfather directly under the will and not as the heir of his father. The respondent, on the other hand, insists that an undivided fifth of the residuary estate vested absolutely in the appellant's father upon the death of the testator and that the appellant takes as the heir of his father subject to the lien of the mortgage. We are of opinion that the appellant's claim is well founded. The proper construction of the will is, we think, giving due weight to all of its provisions, that the remainder was not to be divided until the death of the widow of the testator and that, while doubtless upon the death of the testator *it vested in interest* immediately in his children, it was subject to be divested by their not surviving his widow, in which event it became vested in interest in the issue of a deceased son or daughter dying before the widow and became vested in possession upon her death; in other words, the appellant took by substitution the interest which his father would have taken if living at the time of the death of the widow of the testator. (*Flanagan* v. *Staples*, 28 App. Div. 319; *Lyons* v. *Ostrander*, 167 N. Y. 135; *Jacobson* v. *Smith*, 73 App. Div. 412.)

It follows that the respondent Stopenhagen has no interest in the estate by reason of the mortgage. The facts being undisputed and incapable of being changed upon another trial, the interlocutory judgment should be modified, with costs to appellant against the respondent, by striking out the provision giving respondent a lien upon the interest of the appellant and inserting an appropriate clause declaring that he has no lien thereon.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment modified as directed in opinion, with costs to appellant against respondent, and affirmed as modified.