(82 Misc. Rep. 186.)

### MARSH v. CONSUMERS' PARK BREWING CO. et al.

(Supreme Court, Special Term, Kings County.    September, 1913.)

1. WILLS (§§ 614, 634*)—CONSTRUCTION—ESTATE DEVISED—"DESCENDANT."

    Testator devised his real and personal property to his wife for life in lieu of dower, remainder to his children equally; the descendants of any deceased child to take the share which his deceased parent would take if living.  Testator left surviving a widow and four children, one of whom died before the widow, leaving three children who survived her.  *Held*, that such provision created a life estate in the widow, with a vested remainder to testator's children living at the time of his death, which, however, was subject to be divested, as to any child, by his death during the life of the widow, the share of such deceased child passing to augment the shares of the other surviving children, unless the deceased child left descendants surviving at the widow's death, in which case they took the share that their deceased parent would have taken if living, the word "descendant" as used in the will signifying "issue" rather than descendants generally; nor was such construction affected by a provision of the codicil giving to the widow discretionary power to spend so much of the principal of the estate as she might find necessary for the education of testator's children, other necessary expenses of the family, and for her own support.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416, 1488–1510;  Dec. Dig. §§ 614, 634.*

    For other definitions, see Words and Phrases, vol. 3, pp. 2014–2017; vol. 8, p. 7635.]

2. POWERS (§ 32*)—EXERCISE—DEEDS.

    A nonresident testator conferred on his widow, as executrix, a power of sale of his real property, but by a later clause appointed B. as special executor as to all testator's real estate and property situated in New York, conferring on him power to convey such real property, or any part thereof, with the consent of the widow, to be manifested by her signing the deed or deeds with B. therefor.  B. alone qualified as executor in New York.  *Held*, that a valid exercise of the power of sale required the deed of B. as the donee of the general power in trust, and that a conveyance of certain of testator's real property, made by the testator's widow, in which B. did not join, and not purporting to have been executed by the widow in her capacity as executrix, passed no title.

    [Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 104–109, 128–132; Dec. Dig. § 32.*]

Action for partition of real property by Helen E. Marsh against the Consumers' Park Brewing Company and others.  Judgment for complainant.

Paul Bonynge, of New York City, for plaintiff.

Edward M. Perry, of Brooklyn, and Edward E. Sprague, of New York City, for defendant Consumers' Park Brewing Co.

Louis Bevier and Henry Pegram, both of New York City, for defendants Cameron and Kinsey.

BENEDICT, J.  This action involves the construction of the last will of Leonard Marsh, a former owner of the premises sought to be partitioned, who died seised thereof at Burlington, Vt., leaving a last will bearing date the 3d day of October, 1868, and a codicil thereto bearing date the 28th day of October, 1868, which, after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

having been admitted to probate in the proper court in the state of Vermont, were recorded in the office of the surrogate of the county of Kings on March 20, 1871, as constituting the will of said testator. The will contained the following provision:

[1] "Second. All the estate real and personal of whatsoever name and description which shall belong to me at the time of my decease and the rents, issues, income and profits thereof, I give, devise and bequeath to my wife Ann during her natural life in lieu of all her dower, share, thirds or portion of my estate and on her death I give, devise and bequeath the same to my children equally share and share alike, the descendants of any deceased child to take the share which his or her deceased parent would take if living."

The testator left him surviving his widow and four children, one of whom, George F. Marsh, died before his mother, leaving three children who survived her. One of these three children is the plaintiff in this action, and the other two are the defendants Carlotta M. Cameron and Caroline M. Kinsey. The plaintiff and her two sisters each claim in this action title to one-twelfth of the property upon the ground that the undivided one-fourth thereof so constituted, which was vested in remainder in their father at the death of his father, Leonard Marsh, subject to the life estate of his widow, their grandmother, was not vested absolutely in George F. Marsh but was held by him subject to the liability of its being divested by his death during the widow's lifetime, in which event it would, they claim, vest absolutely in them under the provisions of the will just quoted. If they are correct in this contention, they are entitled to maintain this action, because as they were not entitled to possession of the property until the decease of their grandmother, which occurred on September 22, 1904, there can be no claim of adverse possession as against them. I shall not attempt any extended review of the varied and inharmonious decisions of our courts in construing testamentary provisions which bear a more or less close resemblance to that under consideration. The touchstone by which every will is to be judged is the intention of the testator; when this is clearly expressed, there is no reason and little room for the application of the artificial and arbitrary rules of construction which the courts have adopted ex necessitate rei in attempting to interpret obscure provisions of wills in such a manner as to approximate as nearly as may be the results which the testator is presumed to have intended and which he would have expressed had he spoken plainly.

I have examined the cases cited in the briefs of counsel as well as many others bearing more or less closely upon the question here presented. The subject is one that has been fruitful in litigation and has often, I think, resulted in court-made wills which have expressed not so much the wishes of the testator as the bias of the judge. In the present case I think that the testator's intention can be ascertained from the plain language of the will itself as quoted above. The natural and ordinary meaning of the language employed by the testator in the second clause of the will would be to give to the testator's widow an estate for her own life in all of his property, real and personal, and the rents, issues, income, and profits

thereof, in lieu of all her claims against his estate for dower, thirds, or other share, and upon her death to give the said property to the testator's children who should then be living and to the descendants (that is, to the issue) of any child of the testator who might then be dead leaving issue then surviving; the estate to be divided into as many equal shares as there should be children of the testator then living and children who had died leaving issue then living. This natural interpretation of the language used by the testator ought to be followed unless a different intent on his part is more clearly evidenced in some other part of the will. If it be followed, then the clause would be construed as giving a vested remainder to the children of the testator who might be living at the time of his decease, but such remainder would nevertheless be subject to be divested as to any child by the death of such child during the survivorship of the testator's widow, the share of such deceased child to go in augmentation of the shares of the other surviving children, unless such deceased child should leave descendants surviving at the widow's death, in which case the descendants would "take the share which his or her deceased parent would" have taken if living; the word "descendant" as used herein signifying "issue" rather than descendants generally.

The rest of the will and the codicil thereto will be searched in vain for an expressed testamentary intention to the contrary, and none should, I think, be given to it by implication or in obedience to artificial rules of construction. The provision contained in the codicil giving to the widow the discretionary power to use and expend so much of the principal of the estate as she might find necessary for the education of the testator's children, the other necessary expenses of the family, and for her own support does not, I think, evidence an intention on the part of the testator to make a different disposition of such part of the residue or remainder of his estate as should not be used or expended for those purposes. On the contrary, I think it may be fairly inferred that it indicates his purpose to be as already stated, because, read in connection with the primary residuary clause, it shows that the gift of the remainder was to operate only on that part of his estate which should remain unused and unexpended at the death of the widow, and so that not only the quantum of the estate in remainder but the beneficiaries thereof were to be referred to and ascertained as of that date rather than as of the date of his own decease.

To any one who may be interested to follow the course of judicial writing on this subject, the following are some of the authorities in the courts of this state in favor of the theory of interpretation which I have adopted in this case, viz.: Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334; Schwartz v. Rehfuss, 129 App. Div. 630, 114 N. Y. Supp. 92, affirmed 198 N. Y. 585, 92 N. E. 1101; Riker v. Gwynne, 201 N. Y. 143, 149, 94 N. E. 632, semble; Camp v. Cronkright, 59 Hun, 488, 13 N. Y. Supp. 307; Flanagan v. Staples, 28 App. Div. 319, 51 N. Y. Supp. 10; Weymann v. Weymann, 82 App. Div. 342, 81 N. Y. Supp. 959; Huber v. Case, 93 App. Div.

479, 87 N. Y. Supp. 663; Hebbard v. Lese, 107 App. Div. 425, 95 N. Y. Supp. 333; Ranhofer v. Hall Realty Co., 143 App. Div. 237. 128 N. Y. Supp. 230; Weinstein v. Kratenstein, 150 App. Div. 789, 135 N. Y. Supp. 334. See, also, Matter of Farmers' Loan & Trust Co., 189 N. Y. 202, 207, 82 N. E. 181, and Robinson v. Martin, 200 N. Y. 159, 93 N. E. 488.

The following are some of the authorities against this theory (although on examination it will be found that most, if not all, of them are distinguishable from the case at bar in that the clauses of the wills under consideration do not bear a close resemblance to the clause of the will of Leonard Marsh now under consideration), viz.: Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108, affirmed 195 N. Y. 596, 89 N. E. 1114; Morgan v. Collins, 152 App. Div. 158, 136 N. Y. Supp. 605.

[2] The contention which was advanced by the contesting defendants that a valid title to the property had been derived through a deed of conveyance made by the testator's widow finds no support in the provisions of the will. The testator appointed Judge Charles L. Benedict to be the special executor of his will as to all his real estate and property situated in the state of New York and conferred upon him power to convey the said real property or any part thereof with the consent of the widow to be manifested by her signing the deed or deeds *with him* therefor. Judge Benedict qualified and received letters testamentary from the surrogate's court of Kings county, but he did not join in the conveyance of the property which is the subject of this suit. It is manifest that a valid exercise of the power of sale required his act and deed as the donee of the general power in trust conferred by the will. It is true that in an earlier clause of the will there is conferred upon the widow, as executrix, a power of sale over the testator's real property, but the widow did not qualify as executrix in the state of New York, nor did she purport to execute the deed to Sidney V. Lowell in her capacity as executrix. The testator had in mind, I think, only his Vermont property as the subject of a sale by his executrix under this power; but, if his intention as expressed in that part of the will was broad enough to apply to real property in New York state, then it conflicts and is inconsistent with the later provision by which Judge Benedict was, as above mentioned, given special power of sale over that part of the testator's estate.

I therefore decide that the plaintiff is entitled to the relief prayed for in the complaint. Requests for findings may be presented on or before September 23, 1913.