In the Matter of the Estate of ESTELLE D. WEEKES, Deceased.

Surrogate's Court, New York County, July 16, 1940.

*Arthur C. Powers*, for the petitioner.

*Coudert Brothers*, for Ray Durant Bowers, Alice Delano Weekes and Estelle Weekes Den Hartogh, respondents.

*Lorenz & Lorenz* [*Keith Lorenz* of counsel], for Ruth W. Bowers, respondent.

*Jackson, Fuller, Nash & Brophy* [*Raymond M. Tierney* of counsel], for Charles H. Dolan, as administrator, etc., of Margaret B. Johnson, deceased.

FOLEY, S. A construction of the will is sought in this trustee's accounting. The testatrix died on December 24, 1918. She was survived by her husband and five children. Her will, which was executed in 1903, disposes of her entire estate in the following language: " In as much as my children and my child to be hereafter born are amply provided for under the terms of a Trust created by my late Father, and I have full confidence in my husband's making

further additional provisions for their education and support as may be necessary, I give, devise and bequeath all my estate both real and personal to my said husband, and it is my Will that he should enjoy only the income of my said estate during his life and upon his death I give, devise and bequeath the same in equal shares to my issue *per stirpes.*" The husband of the testatrix died on May 4, 1939. Four of the children of the testatrix are still living. One daughter, Margaret B. Johnson, died in 1936 without issue. Her will, which has been admitted to probate, bequeaths one-half of the residuary estate to her husband and the other half to her sister, Alice D. Weekes.

The administrator *c. t. a.* of the estate of the deceased daughter contends that the remainder vested on the death of the testatrix and one-fifth thereof is, therefore, payable to the estate of the deceased daughter. It is contended on behalf of the surviving children that the remainder was contingent, being a gift to a class, the members of which are determinable on the termination of the life estate.

Preliminarily it should be noted that the testatrix has clearly indicated in her will that her children are not the primary objects of her bounty.

The language of this will is rather unusual in that the remainder on the termination of the life estate is given " to my issue *per stirpes.*" Ordinarily, a gift to issue *per stirpes* creates a contingent remainder. The use of the word " my " here by the testatrix does not alter the ordinary rule when the entire language of the will is considered. Substantially, the testatrix has stated, " my children are amply provided for and I therefore give the income of my entire estate to my husband. Upon the death of my husband, I wish my blood descendants to share in the remainder *per stirpes.*" That such was her intention is demonstrated by her reference in the first sentence of the gift not only to children, but also to afterborn children. When this language is considered in connection with the gift of the remainder to issue *per stirpes*, it is obvious that the testatrix was aware of the distinction between the terms " children " and " issue;" that she was not primarily concerned with the financial status of her children and that she wished the remainder of the life estate to pass to descendants of her blood.

An intention to create a contingent remainder, so as to confine the benefits to those of a particular blood, is evidenced in many ways. The usual method is to provide for a gift to the issue of the life tenant or to provide for a gift to the children of the testator with a substitutional gift to the issue *per stirpes* of deceased children. The latter method has been adopted here by the testatrix. Such a gift of a remainder to the children of a testator with remainder to

the issue *per stirpes* of deceased children is clearly contingent. Only those members of the class who survive the termination of the life estate share in the remainder. (*Marsh* v. *Consumers Park Brewing Co.*, 220 N. Y. 205; *Schwartz* v. *Rehfuss*, 129 App. Div. 630; affd., 198 N. Y. 585; *Flanagan* v. *Staples*, 28 App. Div. 319.) *Schwartz* v. *Rehfuss* (*supra*) s particularly in point here. In that case the testator created a life estate for the benefit of his wife. At the death of the wife the will provided for a gift to the children *nominatim*, but further provided that in case any of the children should have died leaving issue, the issue would take the share of such deceased child. The remainder was held to be contingent.

This testatrix has more briefly provided for a similar gift to a class composed of children and issue of deceased children.

The surrogate is familiar with the numerous authorities enunciating the principle that the law favors the vesting of estates. This principle, however, is merely a rule of construction and is subordinate to the primary rule that intention, when ascertained, must control. In *Connelly* v. *O'Brien* (166 N. Y. 406), cited by the representative of the deceased daughter, the gift of the remainder was to the children of the testator upon the death of the widow. There was no substitutional gift to issue or any evidence of an intention to postpone vesting so as to confine the gift to the blood of the testator. *Matter of Russell* (168 N. Y. 169), cited in support of the contention that the remainder is vested, is also distinguishable. There no trust or life estate was created by the will. The gift of the residuary estate was to the wife and children in equal shares with income payable to them until liquidation and distribution of the assets could be accomplished. Obviously the testator intended the residuary legatees to be determined at the date of his death and not at some future time.

This testatrix has clearly evidenced her intention to create a contingent remainder so as to confine the benefits under her will to a class composed of those of her blood. She has expressly guarded against a diversion of the fund to strangers under the very situation which has arisen, the death of one of her children testate and without issue.

I accordingly hold that the remainder is contingent, being a gift to a class. The deceased daughter is, therefore, excluded from sharing in the remainder. (*Marsh* v. *Consumers Park Brewing Co.*, *supra; Schwartz* v. *Rehfuss*, *supra; Flanagan* v. *Staples*, *supra.*)

The compensation of the petitioning attorney is fixed in the amount requested.

Submit decree on notice construing the will and settling the account accordingly.