In the Matter of the Estate of HENRIETTA CONSTABLE, Deceased.

Surrogate's Court, New York County, March 1, 1941.

*Kaye, Scholer, Fierman & Hays* [*Jacob Scholer* and *Herbert Rand* of counsel], for the petitioner.

*Curtis, Mallet-Prevost, Colt & Mosle,* for Harriette M. Arnold and John H. MacCracken, as surviving trustees under paragraph sixth of the will of Henrietta Constable, deceased, respondents.

*Charles T. Lark,* for Henrietta W. McGusty, individually, respondent.

*James E. Duross,* for Henrietta W. McGusty and Margaret Kip Weatherbee, as executrices, etc., of Hicks A. Weatherbee, deceased, respondents.

*F. Robert Swartout,* for Mary W. Milbank, individually, respondent.

FOLEY, S. This is an application for a construction of the will. The testatrix died on February 11, 1884. Her will was executed on November 25, 1881.

At the date of the execution of the will the testatrix had three children. No grandchildren had yet been born at that time.

The dispositive plan of the testatrix was to give her son one-third of the residuary estate outright and to create trusts of one-third of the residuary estate for each of her daughters during their respective lives. The question presented for determination is whether the remainder of one of these trusts is vested or contingent.

The sixth paragraph of the will provides as follows: " I give to my daughter Amy Henrietta, wife of Edwin H. Weatherbee, the income for her life of the remaining one third part of my estate, and the principal and remainder thereof after her death in equal shares absolutely to and among her children, on their severally becoming twenty five years of age."

The seventh paragraph of the will, which specifically refers to the remainders of the trusts created for each daughter, provides:

" Should either of my daughters die leaving no child surviving her who shall attain majority, the one third part of the capital of my estate intended for her children, shall at her death and upon the death under full age of all her children if any survives her, then go to my other two children equally, and if either shall have died leaving children or a child then living, such child or children shall take the parent's share conditioned upon attaining twenty one years of age.

" My will is that if either of my daughters shall leave a child or children who shall all die under twenty one years of age, their

interest in my estate shall then revert to my other next of kin then surviving, in absolute shares as if derived directly from me dying intestate."

The eighth paragraph of the will directs the trustees to continue to hold the share due a grandchild, in trust, until such grandchild reaches twenty-five " applying " the income for the support and education of the beneficiary during minority.

Amy Henrietta Weatherbee, the life beneficiary of the trust, is still living. She had three children. Two of these children are living. The third child, Hicks A. Weatherbee, died on August 23, 1940, at the age of fifty-six. He left no issue.

The executors and trustees of this deceased grandchild of the testatrix contend that a one-third interest in the remainder of the trust vested in him either upon his attaining majority or upon reaching twenty-five.

The surviving children of the life tenant and the trustees assert that the remainder is contingent and that survivorship to the termination of the trust is essential to the right to share in the remainder.

An examination of the entire will and of the testamentary plan discloses the intention of the testatrix to confine the gift to those of her blood. Here, as in *Matter of Weekes* (174 Misc. 930), the testatrix accomplished her purpose by creating a contingent remainder.

The will is replete with indications of this intention to make the gift of the remainder contingent upon survivorship of the life tenant and attaining a specified age.

The primary gift of the remainder is to a class, the members of which were to be determined at some future time. This fact alone is evidence of an intention to postpone vesting. (*Matter of Curtis*, 252 App. Div. 256; affd., 278 N. Y. 589; *Matter of Schaufele*, 252 id. 65; *Matter of Pulis*, 220 id. 196.) It must be remembered that at the date of the execution of the will there were no members of this class, that is, children of the daughter of the testatrix.

In addition to confining the gift to the members of a class to be determined at a future time, the testatrix has added the further restriction that each member of the class must attain a specified age before becoming entitled to the principal. In *Matter of Bostwick* (236 N. Y. 242), the gift was to a son *nominatim* upon attaining majority, but the court, nevertheless, held that survivorship of the life tenant as well as reaching majority was necessary before the remainder became indefeasibly vested. The facts presented here afford much stronger grounds for holding the remainder contingent. In *Matter of Loeb* (N. Y. L. J. Oct. 22, 1935, p. 1413;

affd., 248 App. Div. 557), where the provisions of the will were substantially similar to those of this testatrix, I held that the remainder was contingent and that the estate of a child who had predeceased the life tenant could not share in the remainder.

Turning to the seventh paragraph of the will, in which the substitutional gifts of the remainder are contained, it becomes obvious that the testatrix must have intended to confine the gift to those of her blood and to postpone absolute vesting until the termination of the trust. The mere presence of a substitutional gift is some evidence that the primary gift is contingent. A substitutional gift of the remainder is made in the event that the life tenant die leaving no child " surviving " who shall attain majority. This event may yet occur. To hold that the remainder is presently vested would ignore these provisions of the will. In this paragraph of the will the testatrix refers to her grandchildren as " surviving " their mother and " if any survives her " and to grandchildren " then living," clearly indicating that futurity was annexed to the gift of the remainder.

The intention to postpone vesting so as to confine the gift to the blood of the testatrix is further evidenced by the direction that the interest of a deceased grandchild should " revert to my other next of kin then surviving, in absolute shares as if derived directly from me dying intestate."

Those contending that the remainder is vested make much of the fact that the will repeatedly refers to the death of a grandchild during minority as the basis for the substitutional gifts of the remainder. They ignore the nature of the primary gift and the substitutional gift to take effect if the life tenant leaves no children surviving. They attribute the illogical intention to the testatrix to favor the estate of a grandchild who attained majority during the continuance of the trust and to disinherit the estate of a grandchild who died during minority. It is obvious that the testatrix was not concerned with the age of a grandchild during the continuance of the trust. She was concerned only with the age of a grandchild on the termination of the primary trust. Her purpose in postponing vesting after the death of her daughter until each grandchild attained majority is explained in the eighth paragraph of the will.

I accordingly hold that the remainder is contingent upon survivorship of the life tenant and that the estate of the deceased grandchild has no further interest in this trust. (*Matter of Curtis, supra; Matter of Bostwick, supra; N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Pulis, supra; Matter of Loeb, supra.*)

Submit decree on notice construing the will accordingly.