Harry G. Herman, S.
Decedent died June 10, 1952 leaving a will which was admitted to probate by this court and letters testamentary issued June 26, 1952. By this will the testatrix created a residuary trust, referred to in the will as the ‘ ‘ residuary estate,” for the benefit of her sister who died January 21, 1959.
A construction of the will is sought, more particularly Paragraph “ eighteenth (g) ” which reads as follows: “ I give and bequeath to my friend Doctor Isabel Scharnagel, residing at the date hereof at 310 Bast 74th Street in the City of New York, if she be then living, the sum of Five thousand dollars ($5,000) ”.
The question to be determined here is whether this bequest payable out of the residuary estate vested upon the decedent’s death or was it contingent upon the legatee surviving the trust income beneficiary.
An examination of the will indicates that the testatrix made every effort to be as precise as she could as to the time when legacies were to be vested. In the first 16 paragraphs of her will she made a series of bequests to named legatees and specifically provided in each paragraph that the bequest became effective “ if she survives me ” or “ if he survives me.” In addition, three trusts were created with the same phraseology, namely “ if said-survives me.”
Beginning with Paragraph “ eighteenth ” a trust is established of the remainder of her property which was to include all lapsed devises and legacies, the income of which was to go to the sister of the testatrix and that all administration expenses were to be paid out of principal and income. The will thereupon provides that upon the decease of the life beneficiary ‘ ‘ the then remaining principal of said trust” is bequeathed to a series of named beneficiaries including Dr. Isabel Scharnagel; each subdivision of this paragraph referring to individuals contains the phrase “ if she be then living.”
While it is an established principle that the law favors the vesting of estates, this is merely a rule of construction and is subordinate to the primary rule that intention when ascertained must control; and that whether a remainder of a testamentary trust for life is vested or contingent depends upon the testator’s intention which can be gleaned from a reading of the complete *65 will. Similarly the vesting of an estate while favored will not be imputed unless a contrary intention is unequivocally expressed.
In the instant will it appears to the court that testatrix had predominantly in mind two classes of devisees, one class enumerated in the early part of her will who would receive the bequest “if he [or she] survives me;” and another class who took the residuary estate upon the death of the life beneficiary “if he [or she] be then living.” The individuals in the first group took if they survived the testatrix, and the named beneficiaries in the second group took if they survived the life beneficiary.
Connelly v. O’Brien (166 N. Y. 406) which is urged in support of the legatee’s contention that there was a vesting of this bequest as of the death of the testatrix is distinguishable. There the gift of the remainder was to the children of the testator upon the death of the widow and there was no substitutional gift to issue or any evidence of an intention to postpone vesting.
In the instant case the word “ then ” can only refer to the death of the income beneficiary (Matter of Weekes, 174 Misc. 930, affd. 260 App. Div. 1014, motion for leave to appeal denied 261 App. Div. 816, 285 N. Y. 861). The court believes that the clause “if she be then living” coupled with “the then remaining principal ” leaves no doubt but that the said legacies became effective only in the event that the legatee survived the income beneficiary (Matter of Steinhardt, 279 App. Div. 1055; Matter of Robinson, 187 Misc. 489). Accordingly, the court determines that the legacy to Dr. Isabel Scharnagel was contingent upon her surviving the income beneficiary and inasmuch as she predeceased the income beneficiary, the legacy failed and is payable as part of the ultimate remainder to the designated charities.
The fee of the attorneys is fixed and allowed in the amounts requested for all services rendered and to be rendered to and including the settlement of the decree, together with disbursements.