In the Matter of the Will of HEBER R. BISHOP, Deceased.

Surrogate's Court, New York County, May 27, 1949.

*Simpson, Thacher and Bartlett* for Manufacturers Trust Company, as successor trustee under the will of Heber R. Bishop, deceased, petitioner.

*Shepard W. Leigh* for Mary L. du Nouy and others, respondents.

*J. Hutton Hinch* and *Albert W. Henderson* for Augusta B. Segourney and others, respondents.

*Dermod Ives* and *Howell D. Boyd* for Manufacturers Trust Company, as executor and trustee under the will of Elizabeth T. Harriman, deceased, respondent.

*Hugh L. Thomson* for Robert O. Bishop and another, as executors under the will of Mary C. Bishop, deceased, respondents.

*Hamilton McInnes* for State Tax Commission, respondent.

*Jeremiah P. Lyons*, special guardian for George H. Hobson, Jr., and others, infants, and another, respondents.

COLLINS, S. The trust created for Mary C. Bishop, one of the testator's eight children, terminated upon her death which occurred on February 1, 1948. She had never married, left no issue and was survived by only one brother and one sister. The other five children of the testator had died in the period between his death and hers, all of them leaving issue now living. The will directs that the one eighth of the residuary estate held in trust for Mary C. Bishop shall under these circumstances " be divided among * * * her brothers and sisters, share and share alike, the issue of any deceased child to take the share the parent would have taken if living." There is no doubt that the trust principal is to be divided into seven parts and that the living brother and sister each take one part. The dispute concerns the other five shares and gives rise to two questions: (1) Did the remainder interests vest in the seven children of the testator at the time of his death so that the shares are now payable to the personal representatives of the deceased children, or are the remainders contingent and payable to a class whose membership is fixed as of the termination of the trust? (2) If the remainders are contingent, is distribution to issue of deceased children to be per stirpes or per capita?

■

The court holds that the testator intended a gift to a class and that survivorship at the termination of the trust is a condition to participation in the gift. The will of the testator bears evidence of a skilled and careful draftsmanship. Counsel have commented on the fact that only in the short provision now under construction did the draftsman falter. There is evident throughout the will a steadfast purpose to retain the testator's property in his family for the benefit of his sons, daughters and descendants. This plan, which is explicit in other parts of the will, is consistent here only with a gift to a class consisting of living children of the testator and surviving issue of children who predeceased the life beneficiary. (*Matter of Bierhoff,* 271 App. Div. 743, affd. 297 N. Y. 694.)

Moreover, it is evident that the testator was thinking here in terms of survivorship. The issue of a deceased child are to take the share he " would have taken if living." " If living " at what time? Survivorship at some time was, therefore, an express condition. An analysis of the entire will leads to the inference that survivorship at the time of division was meant and not survivorship at an earlier date. A general rule of construction implies a like intent. Where " a legacy is given to a class of persons, distributable at a time subsequent to the death of the testator, all persons in being at the time appointed for the distribution, who answer the description, whether born before or after the death of the testator, are deemed to be objects of the gift and are entitled to share. This construction is placed on the presumed intention of the testator." (*Matter of Smith,* 131 N. Y. 239, 247; *Teed* v. *Morton,* 60 N. Y. 502; *Matter of Crane,* 164 N. Y. 71, 76; *Salter* v. *Drowne,* 205 N. Y. 204, 216; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 103.) This implication of intent is confirmed by another canon of construction that where there is no direct gift to the beneficiaries but only a mandate to the trustees to divide and deliver, the gift is interpreted as contingent rather than vested. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop, supra; Matter of Bostwick,* 236 N. Y. 242, 246; *Salter* v. *Drowne, supra.*)

The court holds also that distribution to issue of a deceased child of the testator is to be made *per stirpes.* The statutory interpretation of a gift to issue (Decedent Estate Law, § 47-a), is not applicable to the will of this testator who died many years before its effective date. The will itself, however, reveals an intent that distribution is to be per stirpes rather than per capita.

There are in the will many instances of substitutional gifts to issue of his children. Invariably a gift simply to issue of a child

or to issue of children is expressly stated to mean " issue *per stirpes*." Thus we find gifts such as, " to the issue per stirpes of those who may have died." However, in every instance where a gift to a class is accompanied by a direction that issue shall take the share their parent would have taken if living, the testator has failed to conjoin the term " per stirpes " to the word " issue." This occurs in the seventh paragraph and three times in the eighth paragraph. The seventh paragraph deals with a trust for the widow and directs a division of the remainder into as many shares as there are children surviving her and deceased children who leave issue surviving her, " the issue of any deceased child to take the share their parent would have taken if living." In the eighth paragraph in the provision applicable to children who might predecease the testator, there is a direction for division into shares for living children of that child and deceased children of that child who left issue surviving the testator, " the issue of any deceased child to take the share their parent would have taken if living." The share of each grandchild is to be held in trust until he attains the age of twenty-one. If he dies before that age, leaving issue, his share goes to his " issue in equal parts, per stirpes." If he left no issue, his share is to be divided among his brothers and sisters and the children of any deceased brother or sister, " the issue of any deceased child to take the share their parent would have taken if living." There follows in the same paragraph the provision under construction. It is only in these instances where the text makes clear the representative quality of the gift, that the testator failed to say expressly that issue took by representation merely, and in these instances the repetition of that idea evidently seemed to him unnecessary. If issue " take only by representation, the division is presumably *per stirpes*." (*Matter of Lawrence,* 238 N. Y. 116, 120.) When a gift to a class is coupled with a direction that issue of deceased primary members are to take the share of their parent, it is presumed that the donor intended that issue take per stirpes. (*Matter of Lawrence, supra*; *Central Hanover Bank & Trust Co.* v. *Pell,* 268 N. Y. 354, 360; *Matter of Farmers Loan & Trust Co.,* 213 N. Y. 168, 174; 2 Simes, Future Interests, p. 245 and cases cited.) There are thus present in this will more than those slight indications of intent to which the *per capita* rule readily yields.

The time for filing objections to the account is fixed at no later than twenty days from the publication of this decision. After determination of any issues raised by objections, or if none be filed, then upon the expiration of the time fixed herein, a decree may be submitted on notice construing the will accordingly.