John F. Bennison, S.
This is a proceeding brought by Montgomery County Trust Company as successor trustee under the last will and testament of Sarah H. Arkell for a judicial settlement of its intermediate accounting as successor trustee. The successor trustee also seeks a construction of article sixth of the last will of decedent to determine the division of the corpus of the trust at its termination and for a construction of article seventh of the last will of decedent as to investment responsibilities by reason of the fact that only one of the children of the testatrix is now living. Sarah H. Arkell died on February 24, 1911 leaving a last will and testament dated January 22, 1910. This will was duly admitted to proba te in this court on March 6, 1911. At the time of her death, decedent left her surviving five children, Bartlett Arkell, William J. Arkell, Bertelle Arkell Barbour, Mary Arkell Burnap and Laura Arkell Use (now Platt).
Article fourth of the will devises the family homestead to the three daughters of the testatrix, to be held during the lifetime of two of them, namely Laura Arkell Ilse (now Platt) and Bertelle Arkell Barbour, and directs that upon the death of the survivor of them the real estate should be sold and the proceeds divided and distributed equally to surviving children of the testatrix and the issue of such children as. shall be deceased, such issue to take per stirpes or the deceased parents’ share only.
Under article fifth of the will, the residue of the personalty is bequeathed in trust for the life of decedent’s daughters. Laura Arkell Ilse (now Platt) and Bertelle Arkell Barbour and the survivor of them. The trustee is directed to pay to the life tenants in the realty an annual amount not in excess of $3,000 for the maintenance of the realty, the balance of the annual income to be divided equally between her children, Mary Arkell Burnap, Laura Arkell Ilse, Bertelle Arkell Barbour, William J. Arkell and Bartlett Arkell, or the survivor or survivors of them and the issue of such of her children as shall be deceased, such issue to take per stirpes or the deceased parents’ share only. Article Sixth which disposes of the *295 remainder after the termination of the trust provides as follows: SIXTH:- — After the termination of the said trust, I hereby ¿give devise and bequeath all of said .personal property and personal estate held by the said Bartlett Arkell in trust as .aforesaid, together with any undistributed income earned thereon, unto my two sons and said three daughters, share and share equally, and the survivor -or survivors of them, and the issue of such -of my -children as shall be deceased, such issue 'to take per stirpes or the deceased parents share only.”
All five of .said children of the testatrix were living at the time of her death. -All with the exception o‘f Laura Arkell Use (Platt) are now deceased and have issue now living. Laura Arkell Platt, the surviving measuring life of the trust and the ■life estate in the realty is still living and has no issue. 'The precise question now before the court on the question of construction of article Sixth of the will is to whom the corpus of the trust is to be distributed upon the death of Laura Arkell Platt. The answer depends upon whether the remainder interests upon the termination of the trust are vested or contingent.
It .is unnecessary to cite the numerous authorities establishing the principle that the law favors the vesting of estates, that the use of words “give and bequeath” or “ give and devise ’ ’ imports an intention to vest a present interest in the legatees or devisees -designated and the use of words of time such as “at ”, “ on ” and “ after ” usually refers to the time of enjoyment of the estate and not to the time of vesting in interest. These rules of construction, however, must yield when the testator has clearly and unambiguously expressed his intention in the will and if there be any ambiguity with respect to an isolated provision of the will the true intention of the testator must be determined by an examination of the will as a whole. An analysis of the entire will leads to the conclusion that survivorship at the time of the termination of the life estate in the realty and the termination of the trust was intended by the testatrix. (Matter of Bishop, 195 Misc. 204.)
A determination as to whether the remainder interests here under consideration after the termination of the tittst are vested or contingent depends in the final analysis upon the meaning of the following language used by the testatrix: “ and the survivor or survivors of them and the issue of such of my children as shall be deceased, such issue to take per stirpes or the deceased parents share only.” This identical language is used by the testatrix in articles Fourth, Fifth and Ninth of the will -as well as in article Sixth. Turning first to article Fourth pf the will which disposes of the family homestead, there can *296 be no doubt that the testatrix intended that only those children living at the time of the death of the survivor of the two life tenants and the issue per stirpes of any deceased child were to share in the proceeds of the sale of the real estate. Obviously there could be no proceeds from the sale to distribute until after the termination of life interests and the only words of gift are contained in the direction to divide and distribute the proceeds of sale of the real estate which could be done only after the death of the two life tenants or, to use the testatrix own words ‘ ‘ immediately after the death of the said Laura Arkell Ilse and the said Bertelle Arkell Barbour, and the survivor of them.” (Emphasis added.) In other words, futurity is annexed to the gift itself making it clearly contingent so that only those children who are alive at the death of the last of the two life tenants and the issue per stirpes of such children as shall then be deceased are entitled to take.
Although the family homestead was sold subsequent to the death of the testatrix and the proceeds of the sale were made a part of the remainder of the estate of decedent by agreement, this does not alter the fact that upon the death the last life tenant, Laura Arkell Platt, the proceeds of the sale of the real estate would be distributable only to the issue of the children of the testatrix living at that time, who would take per stirpes the shares that their respective parents would have taken if alive. (Bryer v. Finnen, 178 App. Div. 671; Matter of Vander Roest, 175 App. Div. 941, affd. 220 N. Y. 664; Matter of Mahuson 57 N. Y. S. 2d 443.)
Article Fifth of the will setting up the trust of the residue of the estate uses the same measuring lives, that is, the two daughters, Laura and Bertelle ‘ ‘ and the survivor of them ’ ’ and is inextricably tied in with the use of the homestead property during those measuring lives. ‘ It would require a straining of the language of the will to hold that the testatrix intended that the word ‘1 surviving ’ ’ in article Fourth should acquire a different meaning when used in article Fifth and Sixth or that the income from the trust under article Fifth and the corpus at the termination of the trust under article Sixth were to be treated any differently than the proceeds of the sale of the real estate.
The fact that the same two daughters are the measuring lives of the trust as well as life tenants of the real estate is strong evidence that the testatrix intended them to have only a life estate in personalty as well as in the real estate and that vesting of the remainder in each case was to be postponed until the death of the last of the two measuring lives, Under *297 the language used by the testatrix there was no vesting of either the real estate or the residue of the estate subject to divestment upon the happening of a condition as in Matter of Krooss (302 N. Y. 424). Here the gift was to the children “ and the issue of such of my children as shall be deceased, such issue to take per stirpes or the deceased parents share only.” The gift of the remainder was not conditioned upon leaving issue but was made unqualifiedly to the children and the issue of such of the children as shall be deceased “ such issue to take per stirpes or the deceased parents share only.”
As was stated (pp. 931-932) by the Surrogate in Matter of Weekes (174 Misc. 930, affd. without opinion 260 App. Div. 1014, motion for leave to appeal denied 261 App. Div. 816):
‘ ‘ An intention to create a contingent remainder, so as to confine the benefits to those of a particular blood, is evidenced in many ways. The usual method is to provide for a gift to the issue of the life tenant or to provide for a gift to the children of the testator with a substitutional gift to the issue per stirpes of deceased children. The latter method has been adopted here by the testatrix. Such a gift of a remainder to the children of a testator with remainder to the issue per stirpes of deceased children is clearly contingent. Only those members of the class who survive the termination of the life estate share in the remainder. (Marsh v. Consumers Park Brewing Co., 220 N. Y. 205; Schwartz v. Rehfuss, 129 App. Div. 630, affd. 198 N. Y. 585; Flanagan v. Staples, 28 App. Div. 319.) Schwartz v. Rehfuss (supra) is particularly in point here. In that ease the testator created a life estate for the benefit of his wife. At the death of the wife the will provided for a gift to the children nominatim, but further provided that in case any of the children should have died leaving issue, the issue would take the share of such deceased child. The remainder was held to be contingent.
“ This testatrix has more briefly provided for a similar gift to a class composed of children and issue of deceased children.”
I accordingly hold that the remainder interests under article Sixth of the will of Sarah H. Arkell are contingent interests to a class which can be determined only upon the death of the last surviving life tenant, Laura Arkell Platt. Upon the death of said Laura Arkell Platt the corpus of the trust should be distributed per stirpes among the issue of the deceased children of Sarah H. Arkell living at that time, such issue to take the deceased parent’s share only.
Article Seventh of decedent’s will reads as follows: “ SEVENTH: — I do hereby further will and direct that my said trustee, Bartlett Arkell, or his successor or successors in *298 office, during' such trust period, shall not sell or dispose of any of‘ my said personal property or personal estate held in trust as aforesaid, except upon the written request of a majority of my then surviving children • and upon such request so made I do hereby authorize and empower my said trustee or his successor or successors in office, to sell, assign and transfer all property so requested to be sold, and to make, sign, execute and deliver all necessary or proper papers and evidences of such sale or sales as fully and of the same legal effect as I might or could do if living. ’ ’
Inasmuch as Laura Arkell Platt is the sole surviving child of decedent, the successor trustee is seeldng a determination as to whether the corpus of the trust may be sold or disposed of only upon the written request of Mrs. Platt. It is obvious that the testatrix intended that the primary beneficiaries of the trust created under article Fifth of her will should always have control of the disposition of the said trust. Since she anticipated that there might be disagreement among said beneficiaries as to any proposed disposition of trust assets, she did not require unanimity among her children. She therefore provided that the trustee could act upon the direction of the majority of hér “ then surviving children.” 'Since the testatrix was not willing to allow the trustee to act with respect to the disposition of the trust res in its uncontrolled discretion it would not be reasonable to suppose that When the number of her children was reduced to a point beyond which there could be no “majority of my then surviving children” the trustee would acquire a dominion over the trust assets which it had not had "while there were three or more “ then surviving children.” The court believes "that the principal object of the testatrix was "to give her surviving children a power of direction over the acts of the trustee insofar as they concern the disposition of the trust res. The court therefore holds that Laura Arkell Platt is the surviving Child within the meaning of article Seventh, and the power of disposition of the trust res rests in her alone.
The court at this time does not determine whether the merger of the Beech-Nut Packing Company and Life Savers, Inc. constitutes a change of investments within the meaning of the trustee’s letter agreement dated February "26,1948, the pertinent part of which provides as follows: “ We have examined the terms of the last Will and Testament of Sarah H. Arkell and the assets held in the trust and the nature and extent of the interest of "the beneficiaries thereunder. We do hereby agree in the event of such appointment by the Surrogate that we will *299 accept as full compensation for our services as such successor Trustee the sum of $2,000.00 per annum payable from the income of the trust in lieu of all commissions on income and principal to which we may otherwise be entitled by law. This rate is given on the assumption that the life tenants keep investments as at present. If a change in investments is made, the rate would be legal. ’ ’
Settle decree on notice.