Laurence D. Wood, S.
Decedent died on May 4,1964, a resident of Onondaga County, and his will was duly admitted to probate by this court on September 29, 1964. After providing for payment of debts and funeral expenses, the sole dispositive provision of the will is: ‘ ‘ 2. All the rest, residue and remainder of my property of whatever nature and wherever situate, I give, devise and bequeath to the State of Israel, to be used for the relief and resettlement of Jewish scapegoat refugees who have been subject to persecution in Christian, Moslem, Nazi, Fascist or Communist countries.”
The principal assets of decedent’s estate were several parcels of real estate, the personal estate being insufficient to pay debts, funeral and administration expenses.
Certain of the distributees of decedent have filed a petition seeking to have the quoted provision of decedent’s will held invalid on the contention that the State of Israel cannot take real property in New York State by devise, whether or not for a charitable purpose or trust, that the doctrines of equitable conversion and cy pres are not applicable to this case, and that therefore decedent died intestate as to the entire residuary estate which it is contended thereby descended to his distributees.
The court takes judicial notice of the fact that from ancient to modern times and continuing to the present there has been and unfortunately is, persecution of Jewish people in some “ Christian, Moslem, Nazi, Fascist or Communist countries”, by reason of which many fine, talented and deserving people have become of necessity “scapegoat refugees” in need of *476 “ relief and resettlement”. This in our opinion is a lawful purpose for which a trust in real property may be created. The Legislature by Session Laws of 1962, chapter 145, effective September, 1, 1962, added new subdivision 8 to section 96 of the Beal Property Law, setting forth additional purposes for which an express trust in real estate may be created, as follows: ‘ ‘ 8. To effect and carry out any purpose for which a contract may. lawfully be made.” It is worthy of note that the Legislature in 1964 repealed section 96 in its entirety and in its place broadened the scope of the purpose for which a trust might be created to include “ any lawful purpose ”. However, subdivision 8 was in effect on the date of decedent’s death and is therefore controlling in the construction of decedent’s will. It would seem to be beyond the necessity of illustration or citation of authority to hold that the relief and resettlement of refugees as directed in the will of decedent would be a proper and lawful purpose for which a legal and binding contract might be made, and hence, under the statute, a proper and lawful purpose for which a lawful trust may be established.
Postponing for the moment consideration of the problem of whether or not the State of Israel may act as trustee, it is clear that all of the other essential elements of a valid trust are present in this case, to wit: a settlor — the testator, a trust property or fund — the remainder of the estate, beneficiaries — Jewish refugees who have been persecuted within the terms prescribed in the will, and a trust instrument — the will of decedent.
It would seem to be clear that the State of Israel is not qualified to act as trustee of a testamentary trust under the laws of the State of New York. 'Section 94 of the Surrogate’s Court Act provides that no person is competent to serve as testamentary trustee who is an alien not an inhabitant of this State. While it is perhaps anomalous to consider the sovereign State of Israel as a nonresident alien, the analogy is clear. Further the State of Israel, being a sovereign State, is not amenable to the process, decrees and directions of the courts of New York State, and therefore not qualified to act as trustee of a trust under the supervision and control of the courts of this State. It is the opinion of this court that it should not and cannot abdicate its duty to supervise the administration of the trust created by the will of decedent, by the appointment of a foreign sovereign State, over which the court would have no control, as trustee. For these reasons we therefore hold and decide that the sovereign State of Israel is not competent to act as trustee in this matter.
*477 However, the law is now clear that a trust will not be defeated if no person is named as trustee in the trust instrument, and in such event the court will appoint a trustee to carry out the terms of the trust. (New York Real Property Law, § 113, subd. 1; Matter of Arkell, 22 Misc 2d 293.) The amendment of 1953 to the Real Property Law (§ 113), adding subdivision 2a, gives to the Surrogate’s Court jurisdiction in this respect coextensive with that of the Supreme Court, over devises for charitable purposes. The rule is the same in cases where the trustee named in the will is incapacitated, unable or unwilling to act.
Counsel for the parties herein in their very excellent and thorough briefs have referred us to no case in the New York courts directly in point with the case at bar, and the court after a considerable search has found none. However, in the noteworthy case, Matter of Barter (30 Cal. 2d 549, 551-552) decided by the Supreme Court of the State of California in 1947, the court in construing a will which left the residue of the estate “ to the British Government to be administered & applied for the benefit of British refugee children or similar purpose ”, in a well-reasoned opinion, held that a valid trust had been created by the will, that the British Government, being a foreign sovereign State was incapacitated from acting as trustee, and confirmed the designation of the Combined British Charitable Fund, a California corporation, as trustee. This case construing a will whose provisions are strikingly similar to the provisions of the will in the case at bar, while not controlling on the courts of New York State, is worthy of consideration of the court in the determination of the present case.
The so-called trilogy of cases, Matter of Ablett (3 N Y 2d 261); Matter of Perkins (3 N Y 2d 281) and Matter of Bishop (3 N Y 2d 294), in our opinion are not applicable to this case. Each of these cases is concerned with a legacy of personal property, not a devise of real property as in this case. The legacies are to hospitals or infirmaries in England and Scotland which were privately owned institutions on the dates of the respective wills, but which after World War II were nationalized under the English National Health Service Acts, so that the ownership of the hospitals was transferred without consideration to a public official, the management of the hospitals vested in boards of trustees appointed by the public official and the expenses of the hospitals paid by the government. The court in each case, finding that the charitable character of each had not changed, held the bequests valid and in each case payable to the trustees appointed by the public official. These cases *478 go no further than to hold that in carrying out the intention of the testator, a legacy of personal property may be directed to be paid to an agency of a foreign government which has been substituted by governmental fiat for the designated object of the testator’s bounty, and does not, in our opinion, hold that a foreign sovereign State may be trustee of a trust created by the will of a resident of this State.
It is, therefore, the opinion of the court that decedent by his will established a valid and enforcible trust, that the State of Israel is incapacitated to act as trustee, that the duty devolves on this court to appoint a trustee to carry out the provisions of decedent’s will, and that consequently decedent did not die intestate as to any of his property and his distributees have no interest therein.
In our view of the case it becomes unnecessary to consider the applicability of the doctrine of cy pres, of equitable conversion, and whether or not the decision in Matter of Fox (52 N. Y. 530, affd. United States v. Fox, 94 U. S. 315), to the effect that a devise of real estate in New York State to the United States Government was invalid, remains the law today.
Decree to be submitted construing the will of decedent in accordance with this opinion, and the matter is thereafter to be returned to the calendar for the purpose of receiving nominations for, the consideration of, and appointment of a trustee.