THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN CRONAN, Appellant.

Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. MARYLAND CASUALTY COMPANY et al., Respondents.

Memorandum: The action was tried and decided upon the very narrow question as to whether Maryland Casualty Company had received timely notice of the accident and claim from Fidelity and Casualty Company of New York. This was the sole approach presented on the motion for summary judgment. There are various other elements involved in this action, such as whether Maryland Casualty Company had notice of this accident from any other party who would be obliged to give notice; also, whether Maryland had actual notice of this accident and of the claims that might be interposed and the effect, if any, of such actual notice on any claim to be presented; further, whether any notice that was in fact given was given "as soon as practicable" (we are quoting from the language of the policy) under the somewhat complicated questions of coverage which are here presented. There should be a plenary trial to determine all of these questions and any others that are pertinent. (Appeal from judgment and order of Onondaga Special Term dismissing complaint in an action to determine obligation under an insurance policy.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ. [51 Misc 2d 116.]

In the Matter of the Estate of BENJAMIN ROSE, Deceased. ETSON H. ROSE et al., Appellants-Respondents; STATE OF ISRAEL et al., Respondents-Appellants.

Memorandum: We affirm the Surrogate's determination that the decedent did not die intestate as to any of his property and that his distributees have no interest therein. We do not agree however, with the construction of the residuary clause as creating a charitable trust. The most reasonable and natural interpretation of the residuary clause requires the finding that "it effected an equitable conversion of decedent's real property and valid direct bequest upon a charitable use to the State of Israel." (Appeal from certain parts of a decree of Onondaga County Surrogate Court construing will.) Present — Williams, P. J., Bastow, Del Vecchio and Marsh, JJ. [48 Misc 2d 475.]