■ Raymond L. Fuld, as Administrator of the Estate of Elizabeth D. Fuld, Deceased, Plaintiff, v. George Berger et al., Individually and as Copartners, Doing Business as Berger & Katz, Defendants and Third-Party Plaintiffs-Appellants. Transamerica Insurance Company, Third-Party Defendant-Respondent.— Order, Supreme Court, New York County, entered March 9, 1971, granting motion to dismiss third-party complaint, and denying cross motion for partial summary judgment, modified, on the law, so as to deny the motion of third-party defendant to dismiss the third-party complaint, and except as modified, affirmed. Appellants shall recover of respondent $50 costs and disbursements of this appeal. There is discernible herein a triable issue as

to whether the defendants attorneys (and third-party plaintiffs) reasonably foresaw a legal malpractice action against themselves. This suit in the sum of one million dollars, and the reasonable expectation of it, must be viewed in the light of their contention they were merely retained to arrange for known specialists in the field to take over the litigation; that the plaintiff knew of the Statute of Limitations and expert evaluation that no grounds existed for instituting a medical malpractice action; and that the defendants attorneys took out insurance only in the sum of $5,000. In their totality, an issue of fact is proffered not susceptible of resolution by papers alone. The cross motion seeking an order directing Transamerica Insurance Company to provide a defense for the defendants attorneys, and for an assessment of the expenses thus far incurred, was properly denied. The same issue of fact as to coverage which compels reversal of so much of the order appealed from as dismissed the third-party complaint, also prevents appellants from obtaining the relief requested on their cross motion. Particularly, in view of the allegations in the prime complaint alleging an outright retainer of defendants to commence an action for wrongful death. (See *Cohen* v. *Jacoby*, 27 Misc 2d 396, 398; *Goldberg* v. *Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 N. Y. 148.) Concur — McGivern, J. P., Markewich, Murphy and Tilzer, JJ.; Kupferman, J., concurs in part and dissents in part in the following memorandum: While I am not at all sanguine about the result herein in view of the intelligent analysis by the court at the Individual Calendar Part, once having so decided, the third-party defendant insurance company must, pending the outcome, provide a defense and so, to that extent, I would grant the cross motion.