■ BERNARD BLACKMAN et al., Respondents, v AMERICAN HOME ASSURANCE COMPANY, Appellant, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 20, 1976 in Sullivan County, which granted plaintiffs' motion for summary judgment and declared that the disclaimer of defendant, American Home Assurance Company, was improper. On October 22, 1974 one Benjamin Sanabria was taken into custody by police officers of the Village of Monticello. While in custody at the village police station, Sanabria alleges that the village "by its employees, officers, police officers * * * negligently" mistreated him by withholding medical treatment, thereby causing him to sustain irreversible permanent injuries. In November, 1974 Sanabria served a notice of claim against "The Village of Monticello, Its Employees, Officers, Police Officers, Board Members, Councilmen and Agents". The notice of claim stated that the police officers, plaintiffs herein, were among those who had acted negligently toward him. In Febru-

ary, 1975 Sanabria's original complaint was served on the village. It did not name the police officers, plaintiffs herein, as party-defendants. In April, 1976, Sanabria amended his complaint to make the police officers defendants. The officers informed the appellant, American Home Assurance Company, of the action against them almost immediately upon receipt of the amended complaint. Appellant promptly disclaimed liability under its policy due to plaintiff officers' failure "to give proper and timely notice of the incident." Plaintiffs commenced a declaratory judgment action against their insurer seeking to compel appellant to defend and, if necessary, pay any judgment returned against them. Appellant pleaded an affirmative defense based on lack of notice. The plaintiffs moved for summary judgment. Special Term granted the motion. This appeal ensued. We find no decisional support for Special Term's assertion that "As *a matter of law,* the police officers were not obligated to give notice until they were added as party-defendants". (Emphasis supplied.) Consequently, the matter narrows to the factual question of whether the plaintiff officers gave appellant timely notice in accordance with the appropriate provision of the policy under which plaintiffs seek coverage. Paragraph B of that policy states "(1) In the event of an incident likely to give rise to a claim hereunder, written notice * * * shall be given * * * to the company * * * as soon as practicable". Since the phrase "as soon as practicable" has been interpreted as requiring that "notice be given within a reasonable time under all the circumstances" *(Security Mut. Inc. Co. of N. Y. v Acker-Fitzsimons Corp.* 31 NY2d 436; see Insurance Law, § 167, subd 1, par [d]), it seems clear that a factual hearing must be held to determine if plaintiff police officers, who were actors in the drama giving rise to the action, and who were named as respondents in the notice of claim served upon the village and were interviewed by both officers of the village and representatives of another insurance carrier in the course of investigations of the incident, all of which took place more than one year before the amended complaint was served upon them, gave notice to appellant "within a reasonable time under all the circumstances." The plaintiff officers' rights must be judged by the opportunities for giving notice that were available to them, as additional insureds, and not by those available to the named insured under the subject policy *(Mason v Allstate Ins. Co.,* 12 AD2d 138; *Fidelity & Cas. Co. of N. Y. v Maryland Cas. Co.,* 51 Misc 2d 116, revd on other grounds 28 AD2d 815). The burden is on those who seek to be excused for failure to give the required notice *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra),* and due diligence is required of insureds to timely ascertain the facts surrounding the happening of a potentially covered incident in order that notice of the same might be given *(Reina v United States Cas. Co.,* 228 App Div 108, affd 256 NY 537). Thus, the fact that the plaintiff officers were aware of the incident and claim against the village for about one year before they gave notice requires a hearing as to whether they had a good-faith, reasonable belief that "under all the circumstance" they were not liable for the incident *(Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8; 31 NY Jur, Insurance, § 1281). Order reversed, on the law, without costs and matter remitted for further proceedings. Koreman, P. J., Greenblott, Sweeney, Mahoney and Main, JJ., concur.