*163 OPINION OF THE COURT
Joseph J asp an, J.
This is an action for a declaratory judgment determining rights and legal relations of the parties under policies of professional liability insurance issued by each of the defendants to the plaintiffs herein.
The plaintiff moves for summary judgment and each of the defendants cross-move for the same relief, each alleging that the undisputed facts mandate the relief sought.
Plaintiffs are attorneys at law and in the relevant period prior to November 20, 1978 they were covered for professional malpractice by policies issued by defendant Transamerica. For the period between November 20, 1978 and November 20, 1979 coverage was provided by the defendant Mutual.
By reason of the events which are hereinafter set forth plaintiffs make claim against Transamerica because the claim arose during its policy period and as against the defendant Mutual because the claim was asserted by the institution of a lawsuit against plaintiffs during their policy period. Both companies disclaim liability and the obligation to defend.
The plaintiffs were retained on June 6,1972 to prosecute an action against the United States Postal Service for injuries sustained on May 22, 1972 by an infant, Michael Bolds.
Subdivision (b) of section 2401 of title 28 of the United States Code provides that a tort claim against the United States is barred unless it is presented in writing to the appropriate agency within two years after the claim accrues.
The appropriate form of notice was prepared by plaintiffs under date of June 12,1972 and signed by the father of the infant.
It is plaintiffs’ position that on or about June 30, 1972 that claim was delivered by hand by one of the plaintiffs to the Babylon Post Office with a letter of transmittal.
Apparently, nothing was done by counsel for two years. In July, 1974 the infant’s mother advised plaintiffs that she had been in touch with a “Mr. Sikes”, a post office *164 inspector, and was advised that he could find no notice of claim for damages.
Inquiry by plaintiff Robert L. Weiner on July 24, 1974 generated a response from Postal Inspector Harry G. Sysak asking for medical reports and appropriate bills as a predicate for further consideration of the claim.
By stipulation dated July 11,1974 Donald V. Kane, Esq., was substituted as counsel for the infant and his guardian in its suit against the postal service.
In September and October, 1974 Mr. Weiner inquired of new counsel as to the status of the case and received no immediate response. But on June 16, 1977 the law department of the postal service advised Mr. Weiner that a thorough search of the records at the Babylon Post Office failed to disclose any record of the claim and that by reason of the two-year Statute of Limitations (Johnson v United States, 404 F2d 22; Leeder v United States, 181 F Supp 322; and Lomax v United States, 155 F Supp 354), it was without power to settle the claim.
By letters dated April 22, 1976, May 11, 1976 and May 27, 1976, Donald V. Kane, Esq., requested an affidavit from plaintiff Robert L. Weiner to the effect that he had served the notice of claim but it does not appear that such an affidavit was provided.
The letter of May 27, 1976 contained the following paragraph: “I assume that you are aware of the grave aspects of this matter, since the Post Office Department has taken the legal position that the claim is precluded and is barred by the appropriate Statute of Limitations and the failure to timely file the Notice of Claim.”
On March 3, 1977 the infant’s mother wrote a letter of complaint as against plaintiffs which was referred to the Suffolk County Bar Association who sent notice of grievance to them under date of April 11, 1977. These proceedings were ultimately dismissed on May 15, 1980.
In the interim plaintiffs were served on February 14, 1979 with a summons and complaint alleging malpractice and seeking $100,000 in damages.
*165 Immediate notice was then "given by plaintiffs to defendant Transamerica who sent a “reservation of rights letter and then disclaimed liability for lack of timely notice.”
Notice was also given to defendant Mutual who also disclaimed upon the basis of the prior coverage of Transamerica.
This action ensued.
THE APPLICABLE COVERAGE
The Transamerica liability, if any, is based upon the provisions sometimes known as the occurrence form which affords coverage for acts or omissions arising from professional services which were performed during the term of the policy regardless of when the actual claim is asserted. (Giles v St. Paul Fire & Mar. Ins. Co., 62 AD2d 1138.)
The claim against plaintiffs arose sometime between June, 1972 and May 22, 1974 within the policy period and absent any other infirmity is an available resource.
The Mutual policy has a provision common to the claims made form under which coverage is provided for claims first made against an insured during the policy period regardless of when the act, error or omission occurred. (Heen & Flint Assoc, v Travelers Ind. Co., 93 Misc 2d 1.)
To qualify for coverage under this form it must be established that:
1. The insurer did not give notice to any prior insurer of the act, error or omission.
2. There is no prior policy affording coverage.
3. The insured had no basis to believe that a professional duty had been breached, or
4. The insured had no knowledge nor could have foreseen any circumstances which might result in a claim. (52 NY St Bar J 565, Legal Malpractice and Professional Liability Insurance — Part II, which cites Fuld v Berger, 37 AD2d 529; La Pierre, Litchfield & Partners v Continental Cas. Co., 32 AD2d 353.)
The obvious purpose of these conditions is to avoid the assumption of a known risk.
*166 In view of the Transamerica coverage, plaintiffs cannot avail themselves of claims made form insurance by Mutual (Condition 2, supra) even if it met the other conditions. There is a prior policy covering the same potential liability and if it is no longer available to plaintiffs by reason of their failure to give timely notice of claim to the carrier, plaintiffs cannot thereby shift the burden to Mutual.
In any event, for the reasons set forth below, this court concludes that plaintiffs failed to give such timely notice to either Transamerica or Mutual and the determination herein must be against plaintiffs and in favor of each of the defendants.
TIMELY NOTICE
It has frequently been held that the duty to defend is broader than the duty to pay (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154; Utica Mut. Ins. Co. v Cherry, 38 NY2d 735), but when there is no basis as a matter of law upon which an insurance company might be obligated to indemnify a named insurer under any provisions of the policy it does not even have that obligation (Penn Aluminum v Aetna Cas. & Sur. Co., 61 AD2d 1119; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876-877).
The Transamerica policy contained the following condition: “Notice of Claim or Suit. Upon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.”
The Mutual policy had a similar provision: “1. Notice of Claim or Suit: As a condition precedent to his right to the protection afforded by this insurance, the Insured shall, as soon as practicable, give to the Company written notice directed to Shand, Moraban and Company, Inc., One *167 American Plaza, Evanston, Illinois 60201, of any claim made against him.”
It is well established that insurance policy terms constitute a material condition precedent to the insurer’s liability and that if there is inexcusable noncompliance by the insured the policy is vitiated. (Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., 31 NY2d 436.) The malpractice of plaintiffs, if any, occurred no later than May 22, 1974, the last day within the Statute of Limitations, and was not extended by a continuing relationship between the plaintiffs Bolds and their attorneys, plaintiffs in this action, since that was terminated by the stipulation of substitution dated July 11, 1974.
Notice to the carriers on February 14, 1979 is patently late unless the plaintiffs in good faith believed until then that no claim of malpractice would be lodged against them or some other reasonable excuse is provided for the delay.
Failure to give timely notice to an insurer may be excused when premised upon the insured’s good faith belief of nonliability and where the insured offers some excuse for delay in giving notice (Hartford Fire Ins. Co. v Masternak, 55 AD2d 472).
But the carrier is not required to show prejudice (cf. Deso v London & Lancashire Ind. Co. of Amer., 3 NY2d 127; Manordale Estates v Commercial Union Ins. Group, 36 AD2d 896).
The burden of proof as to an insured’s lack of co-operatian is “a heavy one indeed” and rests solely upon the carrier (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168; Van Opdorp v Merchants Mut. Ins. Co., 55 AD2d 810; Blackman v American Home Assur. Co., 58 AD2d 723).
In this case the plaintiffs should have been alerted to this problem by the substitution of counsel and by the letter from the post office department dated June 16, 1975 which cited the statute and relevant cases as to why the claim of Michael A. Bolds could not be considered or settled.
The persistent letters for an affidavit by Robert L. Weiner as to service of the notice of claim should have *168 heightened his concern about a malpractice claim with the alarm being sounded in the letter of April 27, 1976 which noted “the grave aspects of this matter.”
The complaint to the Grievance Committee of the Bar Association in March, 1977 emphasized the prospect of a lawsuit.
The plaintiffs did not give notice to the defendant carriers “as soon as practicable”. They unduly delayed in fulfilling that condition of their policies. Looking at the pleadings and uncontested facts in the light most favorable to plaintiffs, notice should have been given within a few days after receipt of the April 27, 1976 letter and certainly no later than the early 1977 notice of the complaint to the Bar Association.
Neither the grant of every advantage and of every possible favorable inference to the plaintiffs (cf. Rovello v Orofino Realty Co., 40 NY2d 633) leads to any finding in the matter submitted which is favorable to plaintiffs or adverse to the defendants.
This court determines that defendants are not liable to or for the account of plaintiffs under their respective policies with respect to the malpractice suit by Michael Bolds and his parents arising out of an alleged injury at the hands of the United States Postal Service on May 22,1972.